```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:06-00222-001

JERRY HALE

## MEMORANDUM OPINION AND ORDER

In Bluefield, on January 5, 2010, came the defendant, Jerry Hale, in person and by counsel, E. Ward Morgan; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on December 17, 2009.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant admitted the violations contained in the petition with the exception of the allegation that he possessed Lortab without a prescription.  Based upon defendant's admissions, the court found that all charges, except for the allegation with respect to the unlawful possession of Lortab, were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was six to twelve months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of eighteen (18) months. The court also ordered defendant to pay $75.00, an amount equaling the unpaid portion of the previously-imposed special assessment. Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

The court considered all of the findings in the case, and concluded that the sentence was sufficient, but not greater than necessary, to satisfy the statutory objectives of 18 U.S.C. § 3553 which are to protect the public, provide an adequate deterrent and reflect the seriousness of the violations committed by defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within ten (10) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 7th day of January, 2010.

ENTER:

David A. Faber
Senior United States District Judge